**AFFIRMED and Opinion Filed November 7, 2022**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00594-CR**

**AUSTON BRYCE ARMSTRONG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 19-11216-86-F**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Goldstein
Opinion by Justice Reichek

Following a jury trial, Auston Bryce Armstrong appeals his conviction for criminally negligent homicide. In one issue, he challenges the legal sufficiency of the evidence to support the conviction. For reasons that follow, we affirm.

## BACKGROUND

Appellant was charged with manslaughter in the death of Brittani Davis, his brother's fiancée. The indictment alleged appellant recklessly caused Davis's death by pushing her, causing her to fall and hit her head on the ground and pavement. Evidence showed that on December 24, 2019, appellant's parents, Kimberly and Troy Armstrong, hosted Christmas Eve dinner at their house. Their two sons,

appellant and Tyler Armstrong, were present, along with appellant's girlfriend and Davis. With the exception of appellant's girlfriend, everyone drank more alcohol than they should have that night. Eventually a fight broke out between appellant and his father. Appellant became enraged. He hit his father in the face, causing injuries that required surgery, and damaged his parents' home.

Sometime after the fight, appellant came out of the house and started running down the driveway. Tyler assumed their father was at the end of the driveway, and appellant was running to start fighting with him again. Appellant testified he was trying to catch his girlfriend who was in her car. Davis was in the driveway at the time and stepped in front of appellant in an apparent effort to stop him. Tyler testified that Davis "put her hands up and was like wait, wait, wait." Appellant shoved her out of his way, causing her to fall and hit her head on the concrete driveway. Davis died as a result of blunt force injuries to her head and neck.

The jury found appellant guilty of the lesser included offense of criminally negligent homicide. The trial court assessed punishment at two years in state jail. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, appellant challenges the legal sufficiency of the evidence. A person commits the offense of criminally negligent homicide if he causes the death of an individual by criminal negligence. TEX. PENAL CODE ANN. § 19.05(a). To make a legally sufficient showing of criminally negligent homicide, the State must

prove that (1) the defendant's conduct caused the death of an individual; (2) the defendant ought to have been aware there was a substantial and unjustifiable risk of death from his conduct; and (3) the defendant's failure to perceive the risk constituted a gross deviation from the standard of care an ordinary person would have exercised under like circumstances. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017); *Montgomery v. State*, 369 S.W.3d 188, 192–93 (Tex. Crim. App. 2012); *see* TEX. PENAL CODE ANN. § 6.03(d). The circumstances are viewed from the standpoint of the actor at the time that the allegedly negligent act occurred. *Montgomery*, 369 S.W.3d at 193. Unlike manslaughter, the key to criminal negligence is not the actor's being aware of a substantial risk and disregarding it, but rather it is the actor's failure to perceive the risk at all. *Id.*; *Mendieta v. State*, 706 S.W.2d 651, 652 (Tex. Crim. App. 1986).

Criminal negligence is not simply the criminalization of ordinary civil negligence. *Thedford v. State*, No. 05-18-00884-CR, 2020 WL 5087779, at *6 (Tex. App.—Dallas Aug. 28, 2020, pet. ref'd) (mem. op.). The carelessness required for criminal negligence is significantly higher than that for civil negligence; the seriousness of the negligence would be known by any reasonable person sharing the community's sense of right and wrong. *Queeman*, 520 S.W.3d at 623. The risk must be substantial and unjustifiable, and the failure to perceive it must be a gross deviation from reasonable care as judged by general societal standards by ordinary people. *Id.* Whether a defendant's conduct involves an extreme degree of risk must

–3–

be determined by conduct itself, not by the resultant harm. *Id.*; *Thedford*, 2020 WL 5087779, at *6.

In assessing the sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Alfaro-Jimenez v. State*, 577 S.W.3d 240, 243, 243–44 (Tex. Crim. App. 2019). This standard requires that we defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018). Circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt. *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018). Proof of mental state will almost always depend upon circumstantial evidence. *Duntsch v. State*, 568 S.W.3d 193, 216 (Tex. App.—Dallas 2018, pet. ref'd).

Appellant contends the State failed to present any evidence that he should have been aware that his conduct created a substantial and unjustifiable risk of death. In the argument section of his brief, appellant states that Davis stepped in front of him and he "made contact" with her. He argues he could not have known Davis was going to step in front of him and thus could not have known that his running down the driveway created a substantial and unjustifiable risk of death.

–4–

Appellant minimizes the evidence that he shoved Davis. There was not merely a collision between appellant and Davis as she stepped in front of him; appellant's mother and brother testified they saw appellant shove Davis with a great deal of force. Kimberly Armstrong described the shove as a "two-handed shove to where [Davis's] hair flew up and everything and she went straight down." Tyler testified that appellant intentionally shoved Davis off to the side. Appellant pushed her hard enough that her hair "was up in the wind." As Tyler described it, Davis "didn't just fall right there"; the contact "pushed her away." Appellant himself testified that he pushed Davis when she stepped in front of him. He indicated for the jury what he did with his hands.

Appellant, while running, forcefully shoved Davis on a concrete driveway. Under the circumstances, the jury could have reasonably concluded appellant ought to have been aware there was a substantial and unjustifiable risk of death from that conduct and that his failure to perceive the risk constituted a gross deviation from the standard of care an ordinary person would have exercised. The evidence is legally sufficient to support a criminally negligent homicide conviction. We overrule appellant's issue.

We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish.
TEX. R. APP. P. 47.2(b).
210594F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

AUSTON BRYCE ARMSTRONG, Appellant

No. 05-21-00594-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th Judicial District Court, Kaufman County, Texas

Trial Court Cause No. 19-11216-86-F.

Opinion delivered by Justice Reichek. Justices Schenck and Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 7, 2022